F I L E D
CLERK OF COURT

2024 SEP 16 PM 3: 46

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**ETHAN JARRED AGUERO**<br>**VICENTE TREVOR AGUERO**<br>**KAWAII'LEI MENDIOLA,**<br><br>Defendants. | CRIMINAL CASE NO. **CF0427-24**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 30, 2024, for hearing on Defendant **VICENTE TREVOR AGUERO's** ("Vicente") Motion to Sever Case for Trial ("Motion to Sever"). Present were Assistant Attorney General Leah Diaz-Aguon on behalf of the People of Guam ("the Government"), Defendant Vicente with counsel, Heather M. Quitugua, Co-Defendant Ethan Jarred Aguero ("Ethan") with counsel, Assistant Alternate Public Defender Tyler Scott, and Co-Defendant Kawaii'Lei Mendiola ("Mendiola") with counsel, Deputy Public Defender John P. Morrison. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On July 2, 2024, Vicente was indicted with the following charges: (1) Burglary (As a Second Degree Felony) and (2) Criminal Mischief (As a Misdemeanor).[1] The Indictment also

---

[1] These charges are reflected in the Indictment as Charges Four and Five.

charges Co-Defendant Ethan with (1) Burglary (As a Second Degree Felony); (2) Terrorizing (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; and (3) Assault on a Peace Officer (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;[2] and Co-Defendant Mendiola with (1) Burglary via Complicity (As a Second Degree Felony); (2) Eluding a Police Officer (As a Misdemeanor); and (3) Reckless Conduct (As a Misdemeanor).[3] *Id.* These charges stem from allegations that two males, later identified as Ethan and Vicente, forcibly entered Hyrule Market in Mangilao in the early hours of June 23, 2024; that they escaped in a dark colored sedan driven by a female operator, later identified as Mendiola; and that when police tried to effectuate a traffic stop, the vehicle drove off at a high rate of speed despite the patrol vehicles having their lights and sirens initiated, and several gun shots were fired from the vehicle while the police were pursuing it. (Decl. of Sean Brown, Magistrate's Compl., Jun. 24, 2024).

On July 25, 2024, Vicente filed the instant Motion. The Government did not file a written opposition but orally opposed the Motion at the Motion Hearing. On August 30, 2024, Co-Defendant Mendiola orally joined the Motion and Co-Defendant Ethan deferred to the Court.

## DISCUSSION

Under Guam law:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court *may* order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35[4] (emphasis added). There is a general preference for joint trials of defendants who are indicted together, as joint trials serve a number of purposes:

---

[2]  These charges are reflected in the Indictment as Charges One, Two, and Three.

[3]  These charges are reflected in the Indictment as Charges Six, Seven, and Eight.

[4]  Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 65.35, Note. Rule 14(a) provides:

It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability-advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987). The trial court has great discretion when ruling on a motion to sever. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Prejudice may be resolved through the use of a limiting jury instruction or taking less drastic measures other than requiring separate trials. *See Richardson*, 481 U.S. at 211. The Court must balance the rights of the defendant to a fair trial absent prejudice, which may result from the joinder. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). The Court must grant severance when joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Severance of defendants is required in cases where the confession of a non-testifying co-defendant implicates the other defendant, as the defendant's constitutional right to confront witnesses against him would be infringed. *Bruton v. United States*, 391 U.S. 123, 133-36 (1968).

---

(a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As such, the Court may turn to federal case law interpreting the analogous federal rules for guidance. *See, e.g., Sumitomo Constr. Co., Ltd. v. Zhong Ye, Inc.,* 1997 Guam 8 ¶ 7 ("Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction. This rule of construction is useful in helping the judiciary interpret statutes adopted from federal acts.").

Here, Vicente argues severance is required because "Defendants Ethan Aguero and Kawaii'Lei Mendiola made various extrajudicial statements implicating [him] in the crimes alleged and also made statements that Ethan Aguero[5] did not want to participate in the crimes." (Mot. Sever at 1). Vicente sets forth that "it appears the [G]overnment will seek to introduce statements of Mr. Vicente Aguero's co-defendants which name him as a participant in the crimes alleged" and that "a limiting instruction will not suffice to cure the prejudice to [his] rights to confront and cross-examine witnesses against him caused by the admission of incriminating statements or the confession of a non-testifying co-defendant at trial." *Id.* at 3. At the Motion Hearing, Co-Defendant Mendiola also argued that each defendant made inculpatory statements and acknowledged acts done by the co-defendants, thus requiring severance for each defendant.

Although the Court does not have all the specific statements each defendant made, the Declaration attached to the Magistrate's Complaint sets forth that all three defendants made certain statements to police after they were arrested:

> Defendant Ethan was interviewed about the burglary and shooting and told police he was the one who shot and threw the silver revolver out the window during the police chase. Defendant Ethan admitted that he took the gun from his cousin while the cousin was sleeping along with extra bullets. Defendant Ethan indicated that the bullets were .38 caliber. Defendant Ethan also stated that he and Defendant Vicente and Defendant Mendiola talked about hitting up stores for money prior to the burglary. Defendant Ethan told police that they went to Hyrule and Defendant Mendiola parked the vehicle behind a bus stop while Defendant Vicente broke the front door glass and a padlock. Defendant Ethan said that he and Defendant Vicente then entered the store and stole cash and other items before all leaving in the same vehicle. Defendant Ethan said that during the police chase, he shot at the front of the police car to hit the radiator and disable the vehicle.

> Defendant Vicente was interviewed and was mostly consistent with the statement made by Defendant Ethan. Defendant Vicente added that they took phone cards from within the store. Defendant Vicente also added that he told Defendant Ethan not to shoot the gun.

> Defendant Mendiola was interviewed and told police that she was aware Defendant Ethan and Defendant Vicente were messaging each other about robbing to get cash.

---

[5] The Court is not sure if this is a typographical error and Defendant intended to state that "*Vicente* Aguero did not want to participate in the crimes" in light of what is set forth in the Declaration attached to the Magistrate's Complaint ("Defendant Mendiola admitted that Defendant Vicente was indicating he did not want to do the robbery...").

Defendant Mendiola admitted that Defendant Vicente was indicating he did not want to do the robbery because he was scared whereby Defendant Mendiola told him they need money and it would be a one-time thing. Defendant Mendiola was aware that Defendant Vicente had a backpack with a crowbar in it when they planned to hit up the stores. Defendant Mendiola stated that she ducked down during the cross fire and crashed her vehicle.

(Decl. of Sean Brown, Magistrate's Compl., Jun. 24, 2024). In light of these statements, the Court finds severance appropriate pursuant to *Bruton* as to all three defendants and therefore GRANTS Vicente's Motion to Sever Case for Trial.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant Vicente Aguero's Motion to Sever Case for Trial. Defendant Vicente Aguero's case shall be designated hereafter as Criminal Case No. **CF0427-24-01**. Defendant Kawaii'Lei Mendiola's case shall be designed hereafter as Criminal Case No. **CF0427-24-02**. Defendant Ethan Aguero's case shall remain as originally identified, **CF0427-24**. All three matters will be called on November 4, 2024 at 9:30 a.m. At that time, parties should be prepared to discuss which defendant will proceed to trial first.

**IT IS SO ORDERED** this \16^{Th} day of September, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, APD, PDSC,
H. Quitugua
Date: 9/16/24 Time: 3:55pm
Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

*People v. Aguero, et al.*
Case No. CF0427-24
Decision and Order